ANDERSON, Circuit Judge,
concurring:
I concur because I believe binding panel precedent dictates that result, but I write separately to voice my concerns. I agree with the opinion for the Court that Robinson had a continuing duty to disclose the existence of her employment discrimination claim. I also agree that her failure to timely amend her Chapter 13 plan to reflect that pending discrimination claim constituted the taking of an inconsistent position.
I write separately to express my concern related to our application of the mockery-of-the-judicial system prong of the test for invoking judicial estoppel. See Bumes v. Perneo Aeroplex, Inc., 291 F.3d 1282,1285 (11th Cir.2002). In determining that the taking of an inconsistent position was calculated to make a mockery of the judicial system, that prong requires “intentional contradictions, not simple error or inadvertence.” As Judge Fay’s opinion notes, our Barger opinion seems to hold that “the debtor’s failure to comply with the Bankruptcy Code’s disclosure duty is ‘inadvertent’ only when a party either lacks knowledge of the undisclosed claim or has no motive for their concealment.” 348 F.3d 1289, 1295 (11th Cir.2003). I agree that it is undisputed that Robinson had knowledge of her discrimination claim. I think she probably also had a motive to conceal; at least there is a theoretical motive. Thus, I am bound by precedent to affirm this case.
As we noted in Bumes, however, the Supreme Court has refused to “establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel,” observing that “the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of the principle.” 291 F.3d at 1285 (citing New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968 (2001)). We added that, in applying our two-prong test, “courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine.” Id. at 1286. I fear that we have created an inflexible formula for “inadvertence” that prevents courts from thoroughly examining all of the circumstances of a particular case.
I think this formula presents problems in particular where, as here, the posture of the case is summary judgment. In my judgment, there is sufficient evidence of lack of intent to create a genuine issue of material fact regarding whether Robinson’s failure to disclose evinces an intent to make a mockery of the judicial system. The only activity in the bankruptcy case during the pendency of the discrimination case occurred between May and July 11, 2007. During that activity, Robinson clearly should have disclosed her discrimination claim, but the fact that she completely paid up all creditors by July 9, 2007 gives rise to a reasonable inference that there was no value to the creditors in the discrimination claim. Bolstering this inference is the fact that there is no evidence that recovery on the discrimination claim was imminent, or even realistic. Although Robinson’s failure to disclose her workman’s compensation claim in the earlier bankruptcy constitutes contrary evidence in favor of estoppel, it does not, in my judgment, so overwhelm the reasonable inferences favoring Robinson to eliminate the genuine issue of material fact. Thus, mandating a finding that Robinson’s failure to disclose was not inadvertent merely *1278 because she had knowledge and a theoretical motive to conceal seems to me to be inconsistent with the summary judgment posture of this case and seems to me to conflict with our well-established law that intent is ordinarily a question of fact for the jury. See, e.g., Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472, 1476 (11th Cir.1991). However, Barger was also a case in the summary judgment posture, and it seems to me that there too there probably was a genuine issue of material fact as to the requisite intent.
Accordingly, I concur in the judgment because I believe I am bound to do so by precedent.